Daniel **CLEARY**, Libellant (Plaintiff) Appellee,

v.

**UNITED STATES LINES COMPANY**, Respondent-Petitioner-Appellant (Defendant and Third-Party Plaintiff-Appellant),

v.

**T. HOGAN & SONS, INC.**, Respondent-Impleaded-Appellant (Third-Party Defendant-Appellant).

No. 554, Docket 33126.

United States Court of Appeals Second Circuit.

Argued April 25, 1969.

Decided June 2, 1969.

Daniel J. Dougherty, New York City (Kirlin, Campbell & Keating, and Craig D. Walley, New York City, on the brief), for United States Lines Co.

Frank A. Fritz, New York City (Bleakley, Platt, Schmidt, Hart & Fritz and Craig D. Walley, New York City, on the brief), for T. Hogan & Sons, Inc.

Chester A. Hahn, New York City (Sylvia Miller, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and WYATT, District Judge.*

PER CURIAM:

On October 7, 1963, appellee a longshoreman in the employ of appellant T. Hogan & Sons, Inc., was working as a hi-lo driver stowing cargo in the lower hold of the No. 6 hatch of the S.S. PIONEER MYTH, a vessel owned by appellant United States Lines Company. When the hatch was "pretty full," an uncrated but bound bundle of automobile chassis was lowered into the hold and stowed lengthwise so that the front or narrow ends of the chassis were in the square of the hatch. After these had been stowed, the appellee parked his hi-lo machine in the square and stood in the wing under the overhang. The trial court found that this was the only available safe position in the hatch, D.C., 287 F.Supp. 601.

The winchman then lowered three cases, estimated between 6 to 8 feet wide and 10 feet long, into the hatch to a point where they struck the chassis and knocked them over on top of the appellee, who in consequence suffered severe injuries. Thereafter he brought this action to recover damages based upon the alleged unseaworthiness and negligence of the SS. PIONEER MYTH. After a trial before the court, the appellee was awarded a $128,659.18 judgment on the theory of unseaworthiness against the shipowner who recovered a judgment of indemnity against the third party defendant stevedore. The defendant and third party defendant appeal from those judgments.

■ It is now clear that a ship is rendered unseaworthy by a longshoreman's negligent use of seaworthy equipment. Candiano v. Moore-McCormack Lines, Inc., 382 F.2d 961 (2 Cir. 1967). The only issue in this appeal, therefore, is the lower court's determination that the winchman acted negligently in spotting the up-and-down boom. While that finding of negligence is reviewable as a matter of law, Mamiye Bros. v. Barber Steamship Lines, Inc., 360 F.2d 774, 776 (2 Cir.), cert. denied, 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 70 (1966), it will ordinarily stand unless the lower court manifests an incorrect conception of the applicable law. Radovich v. Cunard Steamship Co., 364 F.2d 149, 152 (2 Cir. 1966); Esso Standard Oil S. A. v. S. S. Gasbras Sul, 387 F.2d 573 (2 Cir. 1968). Here the court found that the winchman had a clear view of the hold, that the draft was not swaying as it descended, and that the cases could have been lowered into the hold without hitting any of the cargo previously stowed. In these circumstances, we are satisfied that the court did not err in deciding that the winchman should have foreseen the collision and consequently did not exercise reasonable care in continuing to lower the cases with the boom spotted as it was.

■ Although the $90,000 award for pain and suffering is high, we cannot say that it was reversible error in the light of evidence from which the court reasonably could and did find that appellee had suffered extensive, severe and permanent injuries.

The judgments of the district court are affirmed.

* Of the Southern District of New York, sitting by designation.